In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
NO. 09-18-00247-CV

DANIEL JOHNSON, Appellant

V.

THE WOODLANDS TOWNSHIP, Appellee

**On Appeal from the 284th District Court**
**Montgomery County, Texas**
**Trial Cause No. 16-12-14969-CV**

**MEMORANDUM OPINION**

In this appeal, Daniel Johnson asks the Court to reverse an order granting The Woodlands Township's (The Township) plea to the jurisdiction, a ruling that dismissed Johnson's personal injury suit against The Township based on his injuries that occurred when he was using The Township's swimming pool. To resolve the appeal, we must decide the following: (1) whether the Recreational Use Statute[1]

---

[1] *See* Recreational Use Statute, Tex. Civ. Prac. & Rem. Code Ann. §§ 75.001-.007 (West 2017 & Supp. 2019).

applies to Johnson's injury; (2) if so, did Johnson produce evidence raising a genuine issue of material fact to prove his injury resulted from The Township's willful, wanton, or gross negligence;[2] and (3) if not, does the Tort Claims Act[3] nonetheless allow Johnson's suit, based on a claim of ordinary negligence for The Township's failure to warn him or make the pool safe from an alleged defect in the pool's diving board? We conclude (1) the Recreational Use Statute applies to Johnson's claims, (2) Johnson did not produce evidence raising a genuine issue of material fact to show his injury resulted from The Township's willful, wanton, or gross negligence, and (3) the Tort Claims Act's waiver of immunity does not apply to Johnson's suit given that he failed to produce any evidence showing a genuine issue of material fact existed on Johnsons' gross-negligence claim. For these three reasons, we affirm the trial court's ruling.

## Background

Johnson sued The Township after he was injured when he fell from a diving board while using The Township's pool. After Johnson sued, The Township (a governmental entity) filed a combined plea to the jurisdiction and no-evidence motion for summary judgment. In its combined plea, The Township argued the

---

[2] *Id.* § 75.002(c)(2) (providing an owner's permission to enter property the owner owns or leases for recreational uses does not owe invitees "a greater degree of care than is owed to a trespasser on the premises").

[3] *See* Tort Claims Act, *id.* §§ 101.001-.109 (West 2019 & Supp. 2019).

2

Recreational Use Statute modified the Tort Claims Act's waivers of governmental immunity and required Johnson to establish that an issue of material fact existed on any claims alleging The Township acted with willful, wanton, or gross negligence to demonstrate that a waiver in the Tort Claims Act applied to his case.

When the plaintiff sues a governmental unit, Texas law provides that unless the Legislature has enacted a provision waiving a governmental unit's immunity from suit, Texas courts do not have subject-matter jurisdiction over suits filed by plaintiffs seeking to recover on personal injury claims.[4] Here, Johnson contends the Tort Claims Act contains the waiver that applies to his premises liability claim. And turning to the Tort Claims Act, it waives a governmental unit's immunity from suits filed by individuals injured by premises defects when the plaintiff is either a licensee or invitee when injured on the governmental unit's property.[5] But when the defendant opens its premises to the public and allows its premises to be used for recreational activities, which include swimming, the Recreational Use Statute elevates the burden of proof that would otherwise apply to a plaintiff establishing that a waiver of immunity applies to the suit.[6] That is, when the suit is based on a recreational use subject to the Recreational Use Statute, the plaintiff in responding

---

[4] *See Harris Cty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004).
[5] *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 101.021, 101.022, 101.025; *Suarez v. City of Tex. City*, 465 S.W.3d 623, 627 (Tex. 2015).
[6] *See* Tex. Civ. Prac. & Rem. Code Ann. § 75.002; *Suarez*, 465 S.W.3d at 627.

to a plea to the jurisdiction must produce evidence showing that material fact issues exist on any claims alleging the governmental unit injured the plaintiff by the units willful, wanton, or gross negligence.[7]

The record before the trial court shows that in July 2016, Johnson injured his knee when he slipped from a diving board at one of The Township's community pools. Johnson used the board twice before he slipped and injured his knee. When the injury occurred, the pool was using a commercially manufactured, aluminum diving board that it purchased in 2004. The retailer from whom The Township purchased the board installed it in 2004.

Johnson's deposition is among the exhibits the parties attached to the pleadings that are relevant to the trial court's ruling on the combined plea. Johnson testified he never noticed the board was unusually slippery before he fell. On his third dive, Johnson's left foot slipped, the board struck him in the kneecap, he injured his knee, and he fell into the pool.

In December 2016, Johnson sued The Township seeking to recover on a premises defect claim. He alleged The Township's negligence and gross negligence caused his fall. He did not allege any willful or wanton negligence claims. Just over a year after The Township first appeared in the suit, The Township filed a combined

---

[7] *Id.*

4

plea to the jurisdiction and no-evidence motion for summary judgment. In its combined plea, The Township sought either a ruling dismissing the suit or a summary judgment that Johnson take nothing on his claims.[8] The combined plea alleged that because Johnson's injury was governed by the limitations in the Recreational Use Statute, Johnson was required to produce evidence showing a genuine issue of material fact existed on a gross-negligence claim before the court could allow him to proceed further with his suit. Stated another way, The Township argued that Johnson needed to do more than show his injury resulted from its negligence to demonstrate the Legislature had given him permission to sue it on an injury that occurred while he was using the pool.[9]

The Recreational Use Statute defines *recreation* to include *swimming* and *water sports*.[10] The Township attached several exhibits to its combined plea, including unsworn excerpts from the depositions the parties obtain in discovery. These include excerpts from the depositions of Johnson, Chris Nunes, and declarations from several of The Township's current and former employees who had

---

[8] A plea to the jurisdiction is a dilatory plea that is used to defeat a plaintiff's cause of action without regard to whether the claims have merit. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). The plea requires the court to decide if it can exercise subject-matter jurisdiction over the plaintiff's claims. *Id.*

[9] *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 75.001-.007; *id.* § 101.025 (providing that a plaintiff may sue a governmental entity for damages under the Tort Claims Act if a Tort Claims Act waiver applies to the plaintiff's claims).

[10] *See id.* § 75.001(3)(C), (K).

5

supervisory responsibilities or duties to inspect the equipment The Township was using at its pool in the summer of 2016. Nunes heads the Parks and Recreation Department for The Township. Nunes's deposition and the declarations of its current and former employees show they are familiar with the condition the diving board was in before Johnson's injury occurred, and they did not know the board was slippery or dangerous before Johnson slipped from the board and injured his knee. One of the declarations is signed by Alexandra Weeks, who supervised the operations of the pool in the summer of 2016. She stated that she routinely inspected the diving board each day before the pool opened, "never thought the Sawmill pool diving board was slippery[,] never saw any defects of the board[,] . . . never saw anyone slip [or fall from] the board."

Johnson responded to The Township's plea by filing additional documents he wanted the court to consider when ruling on the combined plea. In his response, Johnson alleged "there are numerous fact questions regarding whether the Township's act[s] and omissions constitute gross negligence." Johnson also acknowledged in his response that the restrictions contained in the Recreational Use Statute apply to the suit he filed against The Township. Several of Johnson's exhibits consist of documents he obtained from an internet website, maintained by the manufacturer of the diving board The Township used at its pool in 2016. These exhibits reflect the manufacturer's current recommended practices about how those

who purchased products it made should inspect and maintain the manufacturer's boards. And Johnson's exhibits include a deposition he obtained in discovery from Karl Shaw, The Township's aquatics superintendent. In his deposition, Shaw explained his duties in overseeing The Township's pools. Generally, Shaw's testimony shows The Township did not and does not strictly adhere to the practices listed by the manufacturer on its website to maintain and test its diving boards. Johnson argued in the trial court and argues in this Court that the evidence he produced in response to The Township's combined plea demonstrates that genuine issues of material fact exists on his gross-negligence claim.

In addition to filing exhibits with his response, Johnson objected to the statements in several of the unsworn declarations The Township filed in support of its combined plea. Specifically, he objected to statements suggesting the diving board at issue was not slippery, defective, or unsafe before he fell. And he objected that the statements in the declarations were not based on the witness's personal knowledge about the fact that no one had slipped or fallen from the board before he fell. According to Johnson, the declarations contain opinions that are conclusory, and they were made by individuals who are unqualified to express any opinion about the biomechanics involved in falling off a board.

The trial court heard The Township's combined plea in March 2018. During the hearing, Johnson never asked the trial court for a ruling on any of the objections

7

he filed to The Township's evidence. Two weeks later, the trial court signed a final judgment granting the combined plea. Thereafter, Johnson appealed and filed a brief in which he raises three issues. Johnson argues the trial court erred (1) by granting The Township's plea to the jurisdiction, (2) by granting The Township's motion for summary judgment, and (3) by considering unreliable evidence when it granted the combined plea.

## Analysis

In part, Johnson complains he needed more time for further discovery before being required to respond to Johnson's no-evidence motion. With respect to that argument, we look to Rule 166a of the Texas Rules of Civil Procedure for the guiding principle,[11] as that rule sets out the procedures that apply to no-evidence motions. Under Rule 166a(i), trial courts may rule on a no-evidence motion only "[a]fter adequate time for discovery[.]"[12] In Johnson's case, the record shows the trial court ruled on The Township's motion approximately fifteen months after Johnson sued. And the record also shows that, before the hearing, Johnson never complained he did not have adequate time for discovery or that he needed more time

---

[11] Tex. R. Civ. P. 166a(i).
[12] *Id.*

to respond to The Township's combined plea. To the extent Johnson argues he needed more time, his argument was not properly preserved so it is overruled.[13]

Johnson also argues the evidence before the trial court demonstrates that genuine issues of material fact exist on his gross-negligence claim.[14] Before addressing the merits of the trial court's ruling, we briefly mention the standards of review that apply to our review. We review a trial court's ruling on a motion for summary judgment using a *de novo* standard.[15] In this case, the trial court did not specify the basis on which it granted The Township's plea. Thus, we must presume the trial court granted the combined ruling on one or more of the grounds stated in The Township's combined plea.[16] And we may affirm the ruling if any of the grounds The Township raised in its combined plea have merit.[17] In our review, we will affirm the trial court's ruling if the record shows "(a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from

---

[13] Tex. R. App. P. 33.1 (Preservation of Appellate Complaints).

[14] *See Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 552 (Tex. 2019) (explaining that "when a challenge to jurisdiction that implicates the merits is properly made and supported, whether by a plea to the jurisdiction or by a traditional or no-evidence motion for summary judgment, the plaintiff will be required to present sufficient evidence on the merits of [his] claims to create a genuine issue of material fact").

[15] *See Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).

[16] *See Lightning Oil Co. v. Anadarko E&P Onshore, LLC*, 520 S.W.3d 39, 45 (Tex. 2017).

[17] *See Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003); *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989).

giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact."[18] Since decisions granting no-evidence motions are essentially pretrial directed verdicts, the rulings are reviewed under the same legal sufficiency standard used to review directed verdicts.[19]

Here, the evidence shows Johnson's injury occurred on property The Township held open to the public for a *recreational use*, so The Township could not be sued unless Johnson's injury resulted from The Township's willful, wanton, or gross negligence.[20] Thus, for recreational uses such as swimming, the governmental unit is not subject to being sued unless the claim resulted from the governmental unit's "gross negligence, malicious intent, or bad faith." [21]

In his pleadings, Johnson alleged his claims are "limited to premises liability and violations of the Texas Recreational Use Statute." And Johnson's pleadings allege the diving board at The Township's pool was "extremely hazardous" given

---

[18] *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003) (cleaned up).

[19] *See id.* at 750-51.

[20] *Univ. of Tex. v. Garner*, No. 18-0740, 2019 WL 5275579, at *4 (Tex. 2019); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 101.058.

[21] *See Suarez*, 465 S.W.3d at 632 (citing Tex. Civ. Prac. & Rem. Code Ann. § 75.002).

its condition when he fell. He asserts The Township was aware that the condition of the board created an extreme risk to the safety of those using the pool, and that The Township acted with conscious indifference to the risk posed by those using the board based on the evidence showing The Township failed to properly inspect, maintain, repair, or replace the board.

In response to The Township's combined plea, Johnson needed to produce evidence to demonstrate a genuine issue of material fact existed on his gross-negligence claim. In his third issue, Johnson argues the trial court should not have considered some of The Township's evidence given that he filed objections to some of The Township's evidence before the hearing occurred. But we need not decide whether Johnson's objections have merit, since Johnson and not The Township bore the burden of producing evidence raising a genuine issue of material fact on his gross-negligence claim.[22]

To demonstrate The Township was grossly negligent, Johnson needed evidence that would have allowed a factfinder to infer The Township knew before Johnson was injured that the diving board posed an extreme risk of harm to its users and that in face of that knowledge, The Township failed to fix the board or take it

---

[22] Tex. R. App. P. 47.4 (allowing the appellate court to write a brief memorandum opinion no longer than necessary to resolve the appeal).

out of service.[23] Here, Johnson's evidence does not show The Township was aware the board posed any risk, much less any risk that could be called extreme.[24] None of the evidence shows that anyone knew the condition of the board posed a "likelihood of serious injury" to its users.[25] And nothing shows The Township had actual knowledge (as opposed to constructive knowledge) about the allegedly defective condition of the board before Johnson's injury occurred.[26]

Instead, Johnson's evidence shows only that The Township was unaware of the procedures the manufacturer recommended about using and maintaining its diving boards before Johnson sued. While The Township was not following the manufacture's recommendations, it nevertheless inspected and maintained its pools, and its inspection procedures included inspecting the pool's diving boards. An entity's failure to follow a manufacturer's recommended practice, without more, fails to show the entity knew of the risk created by not following inspection procedures and did not care.[27]

---

[23] *Id.*

[24] *See Mobil Oil Corp. v. Ellender*, 968 S.W.2d 917, 921 (Tex. 1998).

[25] *Id.*

[26] *See Sampson v. Univ. of Tex. at Austin*, 500 S.W.3d 380, 392 (Tex. 2016).

[27] *See Diamond Shamrock Ref. Co., L.P. v. Hall*, 168 S.W.3d 164, 172 (Tex. 2005) (noting Diamond Shamrock's failure to modify its equipment before an explosion "may have been negligent, but again, this is not enough to prove gross negligence"); *Louisiana-Pacific Corp. v. Andrade*, 19 S.W.3d 245, 248 (Tex. 1999) (noting "the lack of a corporate policy does not support an inference that [the

12

We conclude Johnson's evidence fails to demonstrate an issue of material fact exists on whether his injury resulted from The Township's gross negligence. For that reason, Johnson has failed to establish any of the Tort Claims Act's waivers apply to his claims.

## Conclusion

First, we hold the Recreational Use Statute applies to Johnson's gross-negligence claim. Second, we hold Johnson failed to produce evidence showing an issue of material fact exists on his gross-negligence claim. Third, we hold the trial court did not err by granting The Township's plea.[28] For these reasons, the trial court's judgment dismissing Johnson's suit is

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on November 14, 2019
Opinion Delivered March 26, 2020

Before Kreger, Horton and Johnson, JJ.

_____

premises owner] were subjectively aware of or consciously indifferent to the risk of injury to [the plaintiff] created by the electrified crane").

[28] We need not expressly rule on Johnson's second and third issues to resolve Johnson's appeal. *See* Tex. R. App. P. 47.1

13